{ ¶ 6} Although I recognize that case authority supports the principal opinion's view, I am very reluctant to adopt this approach. I fully agree that in civil cases, an appellate court lacks jurisdiction to consider an appeal if, absent Civ.R. 54 language, a case with multiple claims has been appealed, but one claim has not been resolved. In that event, the appellate court must dismiss the appeal. This process prevents piecemeal appeals and promotes judicial economy.
{ ¶ 7} The case at bar, however, is a criminal case. A defendant has been convicted, sentenced and anxiously awaits, many times while incarcerated, the resolution of his appeal. Instead, the appeal must be dismissed until a dangling procedural issue (for example, the lack of a written judgment entry that dismisses a criminal charge, even though the transcript may reflect that the state orally requested a dismissal and the trial court clearly granted the state's request), not of the defendant's making, is resolved. Unfortunately, this action results in a case dragging on for an extended, and unnecessary, length of time. To me, this approach conflicts with the spirit of the United States Constitution and the Ohio Constitution, both of which mandate the speedy resolution of criminal cases. In sum, absent clear direction from the Ohio Supreme Court, I believe we should consider the merits of this appeal. *Page 1